**Kashif KHURSHEED, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–73682, 05–74946.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 23, 2007.

Carl M. Shusterman, Esq., Elif Keles, Esq., Law Offices of Carl M. Shusterman, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ethan B. Kanter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Kashif Khursheed, a native and citizen of Pakistan, seeks review of the Board of Immigration Appeals' ("BIA") May 24, 2005 order denying his motion to reopen and to remand to the Immigration Judge to apply for adjustment of status and its August 3, 2005 order denying his motion to reconsider. We review for an abuse of discretion, see Lara–Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Khursheed's motion to remand for adjustment of status premised on a marriage to a United States citizen that occurred during removal proceedings where Khursheed did not provide sufficient evidence indicating a strong likelihood that his marriage is bona fide. See Malhi v. INS, 336 F.3d 989, 994 (9th Cir.2003) (holding that if an alien does not provide certain documents establishing that the marriage was not entered into for the purpose of evading the immigration laws, the motion to reopen may be denied).

The BIA did not abuse its discretion in characterizing Khursheed's motion to reconsider as a second motion to reopen where he sought to introduce additional evidence, see Iturribarria v. INS, 321 F.3d 889, 895–96 (9th Cir.2003), and in concluding that the motion exceeded the numerical limitations for motions to reopen, see 8 C.F.R. § 1003.2(c)(2).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).

We also lack jurisdiction to review the BIA's March 7, 2005 order because Khursheed did not seek judicial review of that order within 30 days. See 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.